**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-18-0000923**
**27-FEB-2024**
**07:49 AM**
**Dkt. 67 SO**

NO. CAAP-18-0000923

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


LOLITA SILVA, Individually and as Special Administrator
of the ESTATE OF HAL T. SILVA, deceased, BRIAN SMITH,
and KELLY HEIMAN, Plaintiffs-Appellants, v.
NELSON ALANA, in his Individual and Official Capacity,
Defendant-Appellee
and
JOHN DOES 1-10; JANE DOES 1-10; DOE PARTNERSHIPS 1-10;
DOE CORPORATIONS 1-10; ROE "NON-PROFIT" CORPORATIONS 1-10;
and ROE GOVERNMENTAL ENTITIES 1-10, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 12-1-0778(1))


SUMMARY DISPOSITION ORDER
(By: Leonard, Acting Chief Judge, Hiraoka and Nakasone, JJ.)

Plaintiffs-Appellants Lolita Silva, individually and as

Special Administrator of the Estate of Hal T. Silva, deceased,

Brian Smith, and Kelly Heiman (collectively, **Appellants**) appeal

from the Judgment (**Judgment**) entered by the Circuit Court of the

Second Circuit (**Circuit Court**) on November 21, 2018.[1]  Appellants

also challenge the Circuit Court's March 13, 2015 Order Denying

Plaintiffs' Motion for an Order Directing Entry of Final

---

[1]     The Honorable Rhonda I.L. Loo presided.

Judgments Pursuant to [Court Annexed Arbitration Program (**CAAP**)] Awards Dated December 8, 2014 (**Order Denying Motion for Final Judgments**) and the November 21, 2018 Order Granting Defendant Nelson Alana's [(**Alana's**)] Motion for Summary Judgment Filed September 17, 2018 (**Order Granting Motion for Summary Judgment**).

Appellants raise four points of error on appeal, contending that the Circuit Court erred in: (1) ruling that Alana properly and timely appealed the CAAP Arbitration Award for Hal Silva (**Silva**) and Lolly Silva; (2) ruling that Alana properly and timely appealed the CAAP Arbitration Award for Brian Smith (**Smith**) and Kelly Heiman; (3) granting Alana's Motion for Summary Judgment and entering a Final Judgment against Appellants; and (4) granting Alana's post-judgment Motion for Costs.

Upon careful review of the record and the briefs submitted by the parties, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows:

(1 & 2) Appellants argue, on various grounds, that Alana's December 10, 2014 Notice of Appeal and Request for Trial De Novo (the **CAAP NOA**) was defective and the Circuit Court erred in concluding otherwise.

Hawaiʻi Arbitration Rules (**HAR**) Rule 22 permits parties to request a trial *de novo* and after a CAAP arbitration award and states, in pertinent part:

> Rule 22. REQUEST FOR TRIAL DE NOVO
>
> **(A)** Within twenty (20) days after the award is served upon the parties, any party may file with the clerk of the court and serve on the other parties and the Arbitration Administrator a written Notice of Appeal and Request for Trial De Novo of the action. This period may be extended,

2

to a period of no more than forty (40) days after the award is served upon the parties, by stipulation signed by all parties remaining in the action and filed with the Arbitration Administrator within twenty (20) days after service of the award upon the parties.

(Emphasis added).

HAR Rule 2 states:

**Rule 2. INTENT OF PROGRAM AND APPLICATION OF RULES**

**(A)** The purpose of the [CAAP] is to <u>provide a simplified procedure for obtaining a prompt and equitable resolution</u> of certain civil matters to be designated by the Judicial Arbitration Commission.

**(B)** These rules shall not be applicable to arbitration by private agreement or to other forms of arbitration under existing statutes, policies and procedures.

**(C)** These arbitration rules are not intended, nor should they be construed, to address every issue which may arise during the arbitration process. The intent of these rules is to give considerable discretion to the arbitrator, the Arbitration Administrator, the Arbitration Judge, and the Judicial Arbitration Commission. <u>Arbitration hearings are intended to be informal, expeditious and consistent with the purposes and intent of these rules</u>.

(Emphasis added).

Consistent with the simplified requirements stated in HAR Rule 22 and the intent of the CAAP program, we conclude that the CAAP NOA complied with HAR Rule 22 and that the Circuit Court was not deprived of jurisdiction to hear the appeal. HAR 22 does not require an appellant to attach a copy of the award(s) appealed from to the notice of appeal. We similarly conclude that the reference in the CAAP NOA to the date the arbitration awards were filed (December 9, 2014), rather than the date the arbitration awards were signed by the CAAP arbitrator (December 8, 2014), did not render the CAAP NOA defective or deprive the Circuit Court of jurisdiction over the appeal.

(3)  Appellants argue, on various grounds, that the Circuit Court erred in granting Alana's Motion for Summary Judgment.

In this case, the discovery deadline had already passed when the Circuit Court granted Alana's Motion for Summary Judgment.  Therefore, the applicable summary judgment standard was as follows:

> Where the moving party is the defendant, who does *not* bear the ultimate burden of proof at trial, summary judgment is proper when the non-moving party-plaintiff
>
> > fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.  The moving party is entitled to judgment as a matter of law because the nonmoving party has failed to make a sufficient showing on an essential element of [his or] her case with respect to which [he or] she has the burden of proof.

Exotics Hawaii-Kona, Inc. v. E.I. Du Pont de Nemours & Co., 116 Hawaiʻi 277, 302, 172 P.3d 1021, 1046 (2007) (citation omitted; emphasis altered).

Thus, we consider whether Alana demonstrated that there was no evidence that Appellants would be able to carry their burden at trial.

Workers's compensation is generally an injured employee's exclusive remedy for an injury sustained in the course of employment.  Iddings v. Mee-Lee, 82 Hawaiʻi 1, 5, 919 P.2d 263, 267 (1996).  HRS § 386-8(a) (Supp. 2022) "extends immunity from suit to an injured worker's co-employees."  See Iddings, 82 Hawaiʻi at 6, 919 P.2d at 268.  HRS § 386-8(k) (Supp. 2022), however, permits employees to sue co-employees if the personal

4

injury is caused by his or her wilful and wanton misconduct.  Id.
In Iddings, the supreme court held:

> [T]he term "wilful and wanton misconduct," as used in HRS §
> 386-8, includes conduct that is either:  (1) motivated by an
> actual intent to cause injury; or (2) committed in
> circumstances indicating that the injuring employee (a) has
> knowledge of the peril to be apprehended, (b) has knowledge
> that the injury is a probable, as opposed to a possible,
> result of the danger, and (c) consciously fails to avoid the
> peril.

Id. at 12, 919 P.2d at 274.  "Wilful and wanton misconduct" also
includes "reckless conduct that lacks a specific intent to cause
injury and intentional conduct motivated by a specific intent to
cause injury."  Id. at 7, 919 P.2d at 269.  Claims brought under
HRS § 386-8(k) are required to be proven by clear and convincing
evidence.  Id. at 12-13, 919 P.2d at 274-75.

Here, it is undisputed that Alana did not actually
intend to injure Silva and Smith, who were injured when they
inhaled carbon monoxide gas from a running generator in a closed
shed next to the air vent into their office.  Appellants argue,
however, that there was evidence that Alana disregarded a risk
that was "known to, or so obvious that [Alana] must be taken to
have been aware of it."  Appellants point to, *inter alia*, the
deposition testimony of Larry Gonsalves (**Gonsalves**), who averred:

> A  Yeah.  So [Alana] gave me the directive to put the
> generator into the shed.  And at that time I told him that,
> you know, you don't do that type of thing.  And he looked at
> me and said, "No; put it in the shed."  So at that time I
> said, "Okay, if I'm going to put this in the shed, you need
> to leave the doors open."
>
>    So I put it in the shed.  And then again I told him,
> "I don't think this is a good idea."  And at that point he
> told me, "You can go, Larry."  Like go home.  And I just
> remember when I was leaving, he closed the doors to the
> shed.

Alana testified that he knew that the shed was not
built to "exit the exhaust" from a running generator.  Alana also

said he believed that the generator would run out of fuel after approximately five minutes; however, this testimony was contracted by Gonsalves who said that Alana was present when Gonsalves refueled the generator and that Alana made various misstatements about what Gonsalves did and said. Evidence in the record included pictures of the shed and the air vent into the office just above and behind the shed. There was other testimonial evidence that arguably showed that Alana was aware of the risk.

Viewing the evidence in a light most favorable to the Appellants, we conclude that there is not a "complete failure of proof" that Alana had knowledge of the peril to be apprehended. Similarly, we conclude that a jury could find based on, *inter alia*, the testimony of Gonsalves, Alana's own testimony, issues of credibility, and other evidence in the record that injuries were likely to result from running a generator in a closed shed with no proper exhaust, next to the air vent into an adjacent building where co-workers were working. In addition, there is evidence in the record that Appellants could meet their burden to show that Alana consciously failed to avoid the peril. See Iddings, 82 Hawaiʻi at 12, 919 P.2d at 74; see also Abadilla v. Iwata, No. 29851, 2013 WL 5442998, *2 (Haw. App. Sept. 30, 2013), as corrected (Dec. 11, 2013) (SDO). Accordingly, we conclude that there were genuine issues of material fact for trial and the Circuit Court erred in granting summary judgment.

(4) Appellants contend that the Circuit Court erred in granting Alana's Motion for Costs. In light of the above, we

conclude that this argument has merit and the award of costs is vacated without prejudice.

For these reasons, the Circuit Court's November 21, 2018 Judgment and November 21, 2018 Order Granting Motion for Summary Judgment are vacated.  The Circuit Court's March 13, 2015 Order Denying Motion for Final Judgments is affirmed.  This case is remanded to the Circuit Court for further proceedings.

DATED: Honolulu, Hawaiʻi, February 27, 2024.

On the briefs:                          /s/ Katherine G. Leonard
                                        Acting Chief Judge
Scott E. Kubota,
for Plaintiffs-Appellants.              /s/ Keith K. Hiraoka
                                        Associate Judge
Marie Manuele Gavigan,
Andrew L. Salenger,                     /s/ Karen T. Nakasone
Deputy Attorneys General,               Associate Judge
State of Hawaiʻi,
for Defendant-Appellee.